IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-15-38-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| JAMES MCCONNELL, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. McConnell of violating his conditions of supervised release by (1) committing a new crime, (2) committing another new crime, (3) possessing methamphetamine on May 13, 2017, (4) providing a urine sample that tested positive for methamphetamine on May 16, 2017, (5) providing a diluted urine sample, (6) providing a sweat patch that tested positive for methamphetamine, (7) possessing methamphetamine on June 7, 2017, (8) providing a urine sample that was not his, and (9) providing a urine sample that tested positive for methamphetamine on June 30, 2017. He admitted to allegations 4, 5, 6, 8, and 9. The United States dismissed allegations 1 and 3 and put on evidence regarding allegations 2 and 7. The Court found that Mr. McConnell committed allegation 7. Mr. McConnell's supervised release should be revoked.

He should be sentenced to seven months of custody, with fifty-three months of supervised release to follow.

## II. Status

Mr. McConnell pleaded guilty in 2013 to Failure to Register as a Sex Offender in the District of North Dakota. (Doc. 2-3.) He was sentenced to 24 months in custody, with credit for time served, and 60 months of supervised release. (Doc. 2-2.) His first term of supervised release began on April 30, 2015. (Doc. 3.)

United States District Judge Brian Morris revoked Mr. McConnell's supervised release on August 6, 2015, because he used alcohol and committed new crimes. (Doc. 16.) Judge Morris sentenced him to twelve months in custody, with sixty months of supervised release to follow. (*Id*.) Mr. McConnell's current term of supervised release began on June 22, 2016.

The United States Probation Office filed a Report on Offender Under Supervision on December 5, 2016, notifying the Court that Mr. McConnell was convicted of disorderly conduct. (Doc. 25.) Judge Morris allowed him to continue his supervised release.

**Petition**

The Probation Office filed a petition asking the Court to revoke Mr. McConnell's supervised release on July 6, 2017. In the petition, the Probation

Office accused Mr. McConnell of violating the conditions of his supervised release by (1) committing a new crime, (2) committing another new crime, (3) possessing methamphetamine on May 13, 2017, (4) providing a urine sample that tested positive for methamphetamine on May 16, 2017, (5) providing a diluted urine sample, (6) providing a sweat patch that tested positive for methamphetamine, (7) possessing methamphetamine on June 7, 2017, (8) providing a urine sample that was not his, and (9) providing a urine sample that tested positive for methamphetamine on June 30, 2017. (Doc. 29.) Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. McConnell's arrest. (Doc. 28.)

**Initial appearance**

Mr. McConnell appeared before the undersigned on July 12, 2017, in Great Falls, Montana. Federal Defender David Ness accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. McConnell said he had read the petition and understood the allegations. Mr. McConnell waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. McConnell admitted that he committed allegations 4, 5, 6, 8, and 9. The

United States dismissed allegations 1 and 3 and put on evidence regarding allegations 2 and 7. United States Probation Officer Wade Riden took the stand to address the violations. The undersigned concluded that Mr. McConnell committed allegation 7 but not allegation 2. The violations are serious and warrant revocation of Mr. McConnell's supervised release.

Mr. McConnell's violation grade is Grade C, his criminal history category is V, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for sixty months to life. The United States Sentencing Guidelines call for seven to thirteen months in custody.

Mr. Ness recommended a short custodial sentence, with supervised release to follow to include substance abuse treatment. Mr. McConnell exercised his right of allocution and admitted he has been dishonest and stated that he wants treatment. Mr. Cobell recommended a sentence at the high-end of the guideline range, with supervised release to follow.

### III. Analysis

Mr. McConnell's supervised release should be revoked because he violated its conditions. Mr. McConnell should be sentenced to seven months of custody, with fifty-three months of supervised release to follow to include substance abuse treatment. This sentence would be sufficient given the serious violation of the

Court's trust but would not be greater than necessary.

## IV. Conclusion

Mr. McConnell was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. McConnell's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> James McConnell violated the conditions of his supervised release by providing a urine sample that tested positive for methamphetamine on May 16, 2017, providing a diluted urine sample, providing a sweat patch that tested positive for methamphetamine, possessing methamphetamine on June 7, 2017, providing a urine sample that was not his, and providing a urine sample that tested positive for methamphetamine on June 30, 2017.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. McConnell's supervised release and committing Mr. McConnell to the custody of the United States Bureau of Prisons for seven months, with fifty-three months supervised release to follow, less custody time.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 26th day of September, 2017.

_____
John Johnston
United States Magistrate Judge