IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-15-38-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| JAMES MCCONNELL, | |
| Defendant. | |

### I. Synopsis

The United States accused Mr. McConnell of violating his conditions of supervised release by 1) possessing a controlled substance on February 20, 2018, 2) using a controlled substance on February 20, 2018, 3) possessing a controlled substance on June 20, 2018, 4) using a controlled substance on June 20, 2018, 5) committing another crime, 6) possessing a controlled substance on June 27, 2018, 7) using a controlled substance on June 27, 2018, and 8) failing to participate in substance abuse treatment. He admitted to violations 1-4 and 6-8, but neither

admitted nor denied violation 5. Mr. McConnell's supervised release should be revoked. He should be sentenced to seven months of custody, with forty-six months of supervised release to follow. In accordance with the conditions of supervised release previously imposed, the Court recommends that if Mr. McConnell is eligible, he should spend the first sixty days of his supervised release in an inpatient substance abuse treatment facility.

## II.  Status

Mr. McConnell pleaded guilty in 2013 to Failure to Register as a Sex Offender in the District of North Dakota. (Doc. 2-3). He was sentenced to twenty-four months in custody, with credit for time served, and sixty months of supervised release. (Doc. 2-2). His first term of supervised release began on April 30, 2015. (Doc. 3).

United States District Judge Brian Morris revoked Mr. McConnell's supervised release on August 6, 2015, because he used alcohol and committed new crimes. (Doc. 16). Judge Morris sentenced him to twelve months in custody, with sixty months of supervised release to follow. (*Id.*) Mr. McConnell's subsequent term of supervised release began on June 22, 2016.

The United States Probation Office filed a Report on Offender Under Supervision on December 5, 2016, notifying the Court that Mr. McConnell was convicted of disorderly conduct. (Doc. 25). Judge Morris allowed him to continue

his supervised release.

On July 6, 2017, the Probation Office filed a petition asking the Court to revoke Mr. McConnell's supervised release based on his use of methamphetamine and failure to report for substance abuse testing. (Doc. 29). Mr. McConnell was sentenced to seven months custody, with fifty-three months of supervised release to follow. (Doc. 38). He began his current term of supervised release on January 26, 2018.

**Petition**

On July 5, 2018, the United States Probation Office filed a petition seeking to revoke Mr. McConnell's supervised release. The petition alleged as follows:

1. Possession of a controlled substance;

2. Use of a controlled substance: On February 20, 2018, Mr. McConnell submitted a urine sample which tested positive for amphetamine and methamphetamine;

3. Possession of a controlled substance;

4. Use of a controlled substance: On June 20, 2018, Mr. McConnell submitted a urine sample which tested positive for methamphetamine, and also signed an admission form admitting to using methamphetamine on June 18, 2018;

5. Committing another crime: On June 23, 2018, Mr. McConnell

        reportedly head-butted his girlfriend, breaking her nose, and was cited for Abuse of a Family Member under the Fort Belknap Criminal Code;

6.     Possession of a controlled substance;

7.     Use of a controlled substance: On June 27, 2018, Mr. McConnell submitted a urine sample which tested positive for methamphetamine; and

8.     Mr. McConnell failed to report for scheduled therapy sessions on April 4, May 15, June 6, and June 12, 2018.

(Doc. 41). Based on the petition, Judge Morris issued a warrant for Mr. McConnell's arrest. (Doc. 42).

**Initial appearance**

Mr. McConnell appeared before the undersigned on July 31, 2018, in Great Falls, Montana. Federal Defender Tony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. McConnell said he had read the petition and understood the allegations. Mr. McConnell waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. McConnell admitted that he committed the violations as alleged, except that he neither admitted nor denied violation 5. The United States did not put on evidence regarding violation 5, and therefore has not met its burden with respect to that violation. However, the admitted violations are serious and warrant revocation of Mr. McConnell's supervised release.

Mr. McConnell's violation grade is Grade C, his criminal history category is V, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for fifty-three months. The United States Sentencing Guidelines call for seven to thirteen months in custody.

Mr. Gallagher recommended below-guideline sentence of three months, with inpatient treatment and supervised release to follow, arguing that Mr. McConnell could succeed if able to address the root of his problems. Mr. McConnell exercised his right of allocution and stated that he cannot get the treatment he needs in a strictly custodial setting, and that his missing of treatment was all work-related. Ms. Betley recommended a sentence at the high-end of the guideline range, noting that Mr. McConnell has missed the treatment opportunities he has been given thus far.

### III.  Analysis

Mr. McConnell's supervised release should be revoked because he violated

its conditions. Mr. McConnell should be sentenced to seven months of custody, with forty-six months of supervised release to follow. In accordance with the conditions of supervised release previously imposed, the Court recommends that if Mr. McConnell is eligible, he should spend the first sixty days of his supervised release in an inpatient substance abuse treatment facility, such as Connections Corrections. This sentence would be sufficient given the serious violation of the Court's trust but would not be greater than necessary.

### IV.  Conclusion

Mr. McConnell was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. McConnell's objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> James McConnell violated the conditions of his supervised release 1) possessing a controlled substance on February 20, 2018, 2) using a controlled substance on February 20, 2018, 3) possessing a controlled substance on June 20, 2018, 4) using a controlled substance on June 20, 2018, 5) possessing a controlled substance on June 27, 2018, 6) using a controlled substance on June 27, 2018, and 7) failing to participate in substance abuse treatment.

The Court **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. McConnell's supervised release and committing Mr. McConnell to the custody of the United States Bureau of Prisons for seven months, with forty-six months supervised release to follow. In accordance with the conditions of supervised release previously imposed, the Court recommends that if Mr. McConnell is eligible, he should spend the first sixty days of his supervised release in an inpatient substance abuse treatment facility.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 2nd day of August, 2018.

John Johnston
United States Magistrate Judge